UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER L. GOODWIN; SHELLY A. GOODWIN, now known as Shelly A. Jamison; BERNARDO ANGEL-MARTINEZ; LORENZO ANGEL-MARTINEZ; US BANK NATIONAL ASSOCIATION, doing business as US BANK; PIEDAD DUARTE; SUNDOWN ORCHARDS; TROUT-BLUE CHELAN-MAGI, INC., doing business as Chelan Fruit Company, doing business as Chelan Fruit Cooperative,<br><br>　　　　　　　Defendants. | NO: 2:16-CV-44-RMP<br><br>ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE |

BEFORE THE COURT is Plaintiff's Motion for Judgment In Rem and Decree of Foreclosure, ECF No. 33. Defendants Christopher L. Goodwin, Shelly A. Goodwin n/k/a Shelly A. Jamison; Bernardo Angel-Martinez; Lorenzo Angel-Martinez; and Piedad Duarte have been found to be in default and said default was

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF
FORECLOSURE ~ 1

entered at ECF No. 30. The Court finds that Defendant U.S. Bank National Association has stipulated its agreement to the relief requested by Plaintiff, ECF No. 27, and that Defendant Trout-Blue Chelan-Magi, Inc. ("Trout-Blue") has filed a disclaimer of interest and agreement to the relief requested, ECF No. 22.

Therefore, **IT IS HEREBY ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiff's Motion for Default Judgment, **ECF No. 33**, is **GRANTED**, and further:

1. Judgment <u>in rem</u> is entered in favor the United States and against Defendants Christopher L. Goodwin, Shelly A. Goodwin n/k/a Shelly A. Jamison ("Defendants Goodwin") in the amount of $218,465.68 principal and interest accrued through date of judgment as calculated according to terms of the First Amended Complaint, ECF No. 13 at 8; plus interest from the date of judgment at the rate set forth in 28 U.S.C. § 1961; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2); plus court costs; and the costs and expenses of this action presently and in the future incurred for advertising, selling, and conveying the property.

2. The debts upon which this judgment is based are secured and perfected by the following:

    a. A real estate mortgage was recorded May 27, 1998, under Auditor's File No. 865957, Official Records of Okanogan County, Washington;

b. A real estate mortgage was recorded January 5, 1998, under Auditor's File No. 861012, Official Records of Okanogan County, Washington;

c. Security agreements were perfected by a filing with the Washington State Department of Licensing a financing statement on January 27, 1997, as Instrument No. 97-017-0256; a continuation statement on August 31, 2001, as Instrument No. 2001-225-0499; a continuation statement and restated collateral description on August 18, 2006, as Instrument No. 2006-235-2557-1; and a continuation statement on September 14, 2011, as Instrument No. 2011-257-4587-0. A UCC-2 fixture filing was filed May 31, 2000, as Instrument No. 3022869; and a continuation statement and restatement of collateral was filed January 4, 2005, as Instrument No. 3083932, Official Records of Okanogan County, Washington.

3. The foregoing real estate mortgages and security agreements cover the following described property situated in Okanogan County, Washington:

   a. REAL PROPERTY. *See* **Exhibit A** attached hereto and incorporated by reference as well as all irrigation equipment appurtenant to the real property.

   b. PERSONAL PROPERTY.

   The $54,671.23 in funds currently held by Defendant Trout-Blue.

4. The interest of all Defendants are inferior to the interest of the United States.

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE ~ 3

5. The real estate mortgages and security agreements, which constitute first and prior liens upon the subject funds and real property and irrigation equipment appurtenant thereto described above, are hereby foreclosed. Defendants and all persons claiming by, through, or under them are forever barred and foreclosed from asserting any right, title, or interest in and to said property, except for the statutory rights of redemption provided by law.

6. Defendant Trout-Blue shall disperse the $54,671.23 in funds identified in paragraph 7 of the First Amended Complaint to the United States within 30 days of this order.

7. After the 10-day automatic stay of proceedings to enforce a judgment, the United States may present a motion for order of sale. *See* Fed. R. Civ. P. 62(a) & (f) (noting 14-day stay unless otherwise under state law for a judgment on a lien); Wash. CR 62(a) (10-day stay); *see also* 18 Wash. Prac., Real Estate § 19.12 (2d ed.) (describing the enforcement process). The United States Marshal for the Eastern District of Washington or his representative will be authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the real property and appurtenant irrigation equipment referenced in Paragraph 3.a above and more particularly described in **Exhibit A** ("Real Property"). The Marshal or his representative will be authorized free access to the Real Property and to take all actions necessary to preserve the Real Property, including, but not limited

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE ~ 4

to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property, until the deed to the Real Property is delivered to the purchaser at the foreclosure sale. The terms of the Order of Sale shall be as follows:

    a. The sale of the Real Property shall be free and clear of the interest of Defendants Christopher L. Goodwin, Shelly A. Goodwin n/k/a Shelly A. Jamison, Bernardo Angel-Martinez; Lorenzo Angel-Martinez, Piedad Duarte, U.S. Bank National Association, and Trout-Blue; except to the extent that such Defendant has rights of redemption under REV. CODE. WASH. 6.23 or excess funds under REV. CODE. WASH. 6.21. The redemption period shall be twelve months.

    b. The sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Property, and easements and restrictions of record, if any.

    c. The sale shall be held at the courthouse of the county in which the Real Property is located, on the Real Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002 and shall be announced in the Notice of Sale.

    d. The date and time for sale are to be announced by the United States Marshal or his/her representative in the Notice of Sale.

e. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Okanogan County, and, at the discretion of the Marshal or his/her representative, by any other notice deemed appropriate. The notice shall contain a description of the Real Property and appurtenances; the time, date, and location of the sale as determined by the United States Marshal or his representative; the minimum bid as determined by the United States; and shall contain the terms and conditions of sale listed in subparagraphs g-n below.

f. The minimum bid will be set by the United States for the Real Property and appurtenances. If the minimum bid is not met or exceeded, the Marshal or his or her representative, may without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

g. The successful bidder for the Real Property and appurtenances shall be required to deposit at the time of the same with the Marshal, or his/her representative, a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Washington. Before being permitted to bid at the sale, bidders shall

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE ~ 6

display to the Marshal, or his/her representative, proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

    h. The balance of the purchase price for the Real Property and appurtenances is to be paid to the United States Marshal within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of Washington. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the <u>in rem</u> Judgment of Defendants Goodwin at issue herein. The Real Property and appurtenances shall again be offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder.

    i. The sale of the Real Property and appurtenances shall be subject to confirmation by this Court. The Marshal shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty days from the date of receipt of the balance of the purchase price.

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE ~ 7

j. On confirmation of the sale, the Marshal shall execute and deliver a deed of judicial sale conveying the Real Property to the purchaser.

k. On confirmation of the sale, all interests in, liens against, or claims to, the Real Property and appurtenances that are held or asserted by all parties to this action are discharged and extinguished, except to the extent that such Defendant has rights of redemption under REV. CODE. WASH. 6.23.

l. On confirmation of the sale, the recorder of deeds, Okanogan County, Washington, shall cause transfer of the Real Property and appurtenances to be reflected upon that county's register of title.

m. Any party to this suit may become a purchaser at such sale. The United States may bid as a credit against its judgment without tender of cash.

n. The sale shall be "as is" without warranty of any kind.

o. The United States shall not have a deficiency judgment in the event the sum received from the sale is insufficient to pay the judgment in full.

8. Until the Real Property is sold, all Defendants shall take all reasonable steps necessary to preserve the Real Property (including all buildings, improvements, fixtures and appurtenances on the Real Property) in its current condition including, without limitation, maintaining a fire and

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE ~ 8

casualty insurance policy.  They shall neither commit waste against the Real Property and any appurtenances nor cause or permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Real Property and any appurtenances nor cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Real Property and any appurtenances or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

9. All persons occupying the Real Property shall leave and vacate the Real Property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person from the premises.  Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Real Property at any time of the day or night and evict and eject all unauthorized persons located there, including Defendants, or any other occupants.  To accomplish this and

ORDER GRANTING DEFAULT JUDGMENT AND DECREE OF FORECLOSURE ~ 9

to otherwise enforce this Order, the United States Marshal (or his/her designee) shall be authorized to enter the Real Property and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he/she shall relinquish possession and custody of the Property to the United States, or more specifically the Farm Services Agency (FSA) (or its designee). No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the FSA, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Real Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

10. If any person fails or refuses to remove his or her personal property from the Real Property by the time specified herein, the personal property remaining on the Real Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

11. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

    a. To the United States for the costs of the sale, including: the costs and commissions of the United States Marshal and any professional auctioneer if retained; and the costs of advertising, selling, and conveying the property incurred by the Government.

    b. To the United States to be applied to the <u>in rem</u> Judgment of Defendants Goodwin at issue here plus all interests and costs due and owing thereon.

Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

The District Court Clerk is directed to enter this Order and provide copies of this Order to counsel and pro se Defendants.

**DATED** May 3, 2017.

                                          *s/ Rosanna Malouf Peterson*
                                        ROSANNA MALOUF PETERSON
                                          United States District Judge